(No. 5001-

James Strong, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 9, 1965.*

ANTHONY HASWELL AND JOHN T. BURKE, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; DANIEL N. KAD-JAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, James Strong, was convicted in the Criminal Court of Cook County on August 11, 1959 of unlawfully selling, dispensing, and possessing narcotics in violation of Sec. 3 of the Uniform Narcotic Drug Act (at that time Sec. 192.28 of the old Criminal Code), and was sentenced to the penitentiary for a term of twenty-five years to life. On appeal to the Supreme Court of the State of Illinois, his conviction was reversed on the ground that it was obtained upon evidence procured by entrapment. *People* vs. *Strong,* 21 Ill. 2nd. 320. Claimant was released from the penitentiary in April of 1961.

The facts in this cause seem to be well settled. Claimant testified that, between 3:30 and 4:00 P.M. on September 29, 1958, one James Reynolds paid a visit to claimant's apartment. Claimant stated that he was lying in bed at the time. Claimant got out of bed, opened the door for Reynolds, and got back in bed. Reynolds threw a package on claimant's dresser, and told claimant that he was going down to the corner for coffee, and would leave the package in claimant's apartment until he got back. Reynolds then left the apartment. Claimant further testified that Reynolds later returned with another man, Anthony Johnson. Reynolds at that time asked claimant to give the package to Johnson, which claimant did. Johnson then passed money to claimant who in turn passed it to Reynolds. However, Reynolds refused to take the

money, but, instead, told claimant to keep it for a while, and bring it over to Reynolds' house later. Claimant testified that he did not know at the time what was in the package. Claimant was later arrested on the narcotics charge in January of 1959, and spent three or four days in jail before getting out on bond. He was returned to jail in April of 1959, and again was released on bond on May 29, 1959. In July of the same year he was re-incarcerated, tried, and convicted. He remained in prison until his release on April 6, 1961 upon reversal of the conviction as referred to hereinabove.

Respondent contends through its witness, Anthony D. Johnson, that the facts, as testified to by claimant, are erroneous. Johnson stated that on September 29, 1958, he and an informer by the name of Reynolds proceeded to the Greenbriar Hotel located at 63rd and Greenwood Streets, Chicago, Illinois, where they were admitted to Room 316, and in the presence of one James Strong, claimant herein. Johnson testified that he negotiated with Strong for the purchase of a certain narcotic drug for which he paid the sum of $50.00. He stated that, to his knowledge neither he nor any other federal employee supplied claimant herein with the drugs in question, which were purchased by him. This information is related here only to show the dispute in the facts of the case as presented in the Court of Claims.

Claimant contends that proof of entrapment amounts to proof of innocence of the crime, in accordance with the requirements of Chapter 37, Sec. 439.8C.

Respondent contends that claimant has failed to sustain the burden of proof by a preponderance of the evidence, as required in this type of case. Respondent contends that claimant was not a fully creditable witness, inasmuch as the record discloses that, in addition to his conviction for the crime forming the subject matter of the claim in this

Court, he had been previously guilty on two occasions of certain narcotic violations.

This Court will not be placed in the position of retrying the evidence in the original criminal trial. The issues involved herein have been enunciated time and time again in cases before this Court. Claimant had the burden of proving by a preponderance of the evidence that the time served in prison was unjust, that he did not commit the acts for which he was wrongfully imprisoned, and the amount of damages to which he would be entitled. Claimant has not proven his innocence of the acts or the fact of the crime. The Legislature, when it created Section 439.8C, of the Court of Claims Act, intended to create a humane manner by which a person completely innocent of the acts for which he was charged could seek redress in the form of money damages for the time that he served unjustly. It was not the intent of the lawmakers to open the pocketbooks of the State to known and acknowledged peddlers of dope because of a technical reversal of a conviction in the original criminal trial. (*Dirkans* vs. *State of Illinois,* No. 4904, Court of Claims; *Tate* vs. *State of Illinois,* No. 5100, Court of Claims).

Claimant in this cause of action has clearly failed to sustain his burden of proving that he was innocent of the fact of the crime, and the claim is, therefore, denied.